## DOBLE v. SCOTT.

(Court of Appeals of District of Columbia. Submitted November 19, 1923. Decided January 7, 1924.)

### No. 1614.

1. **Patents ☞66—No advantage gained by issuance of patent during pendency of another's application.**

    Where junior applicant's patent was issued during the pendency of senior application, he gains no advantage by reason of having it.

2. **Patents ☞91(3)—Senior applicant entitled to priority, unless apparatus inoperative, or he is unable to make claims.**

    Where, as to some of the counts, junior applicant alleged no date of conception prior to senior applicant's date of filing, and as to the other counts failed to show that he was diligent when senior applicant entered the field, senior applicant would be entitled to priority, unless his apparatus is inoperative, or unless he is unable to make the claims.

3. **Patents ☞106(1)—Questions held questions of fact.**

    The questions whether senior applicant's apparatus was inoperative, and whether he was able to make his claims, *held* questions of fact.

Appeal from the Commissioner of Patents.

Interference proceeding between Abner Doble and Lewis L. Scott. From a decision in favor of Scott, Doble appeals. Affirmed.

C. C. Bulkley, of Chicago, Ill., for appellant.

Alexander S. Steuart, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Presiding Judge of the United States Court of Customs Appeals.

SMYTH, Chief Justice. Doble appeals from a decision of the Commissioner of Patents awarding Scott priority in an interference proceeding between a patent to Scott on an application filed June 24, 1918, and an application of Doble's filed November, 1916. The invention involved relates to an apparatus for burning heavy oils, primarily intended for the generation of steam in a steam-driven automobile. The oil is forced through a mechanical spraying device, and is ignited by an electric sparking device in the path of the oil. Air to complete combustion is supplied by a blowing device, and the spark is shielded from the air blown into the apparatus for that purpose. Doble copied certain claims from the Scott patent, and after the declaration of the interference Scott moved to dissolve it as to counts 3, 4, 5, and 6, on the ground that Doble had no right to make the counts. The motion was denied by the Law Examiner.

[1-3] As Scott's patent was issued during the pendency of Doble's application, he gains no advantage by reason of having it. Doble relies on his filing date. Scott, as to counts 3 and 4, alleged no date of conception prior to that date. As to claims 1, 2, 5, and 6, Scott claims conception as of June, 1908, but he failed to show that he was diligent when Doble entered the field and subsequently. In this situation Doble would be entitled to priority unless his apparatus is inoperative, or unless he is unable to make the claims, as Scott asserts. Testimony was taken on behalf of both. Obviously, the question involved is purely one of fact. Each of the three tribunals found in favor of Scott.

We have attentively considered the record in the light of the oral and printed arguments of the parties, and we find no ground for reversing the decision of the Commissioner. It is therefore affirmed.

Affirmed.